UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY JAY RAMBO, | : | CIVIL ACTION NO. 3:CV-13-1858 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | **FILED** |
| | : | **SCRANTON** |
| WARDEN J.E. THOMAS, | : | |
| | : | NOV 2 0 2014 |
| Respondent | : | PER _____ |
| | | DEPUTY CLERK |

### **MEMORANDUM**

Petitioner, Gregory Jay Rambo, a federal inmate currently confined in

the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-

Allenwood), filed the instant petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241.  He alleges that the Federal Bureau of Prisons ("BOP") has

incorrectly computed his federal sentence because his federal sentence should have

been served concurrent to his state sentence.  (Doc. 2, Memorandum of Law).

Specifically, Rambo argues that he should be "awarded by the BOP all the time

served from January 5, 2000 to July 9, 2008." Id.  For relief, Rambo requests

immediate release. Id.  A response and traverse having been filed, the petition is

ripe for disposition, and, for the reasons set forth below, the petition will be denied.

### **Background**

On August 18, 1999, Petitioner was arrested by the Portland, Oregon

Police Department for Bank Robbery.  <u>See</u> (Doc. 6-1 at 10, Sentence Monitoring Computation Data).  He was indicted by the Portland, Oregon, Multnomah County Grand Jury on ten (10) counts of Robbery in the First Degree with a Firearm; six (6) counts of Robbery in the Second Degree with a Firearm; four (4) counts of Felon in Possession of a Firearm; Burglary 1; Trespass 1; and Escape III.  <u>Id.</u> These offenses all occurred between July 20, 1999, and August 18, 1999.

On September 15, 1999, Petitioner was indicted in the United States District Court for the District of Oregon on federal charges of Bank Robbery.  <u>See</u> (Doc. 6-1 at 21-26, <u>U.S. v. Rambo</u>, 3:99-cr-0392-MA-1, criminal docket sheet).

On September 28, 1999, Rambo was "borrowed" from state primary custody by the U. S. Marshal Service, pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum, to appear for his arraignment, and was returned on the same day. <u>Id.</u>

On  January 5, 2000, Petitioner was again "borrowed" from state custody by the U.S. Marshal Service to attend his sentencing.  <u>Id</u>.  The United State District Court for District of Oregon sentenced Petitioner to a term of 151 months for the offense of Bank Robbery.  (Doc. 6-1 at 14, Judgment in a Criminal Case).  <u>Id</u>.  The federal judgment was silent as to the relation with the state charges.  <u>Id</u>.  Petitioner was then returned to the primary custody of the state of Oregon for prosecution on

-2-

the state's charges.  <u>See</u> (Doc. 6-1 at 21-26, <u>U.S. v. Rambo</u>, 3:99-cr-0392-MA-1, criminal docket sheet).

On March 27, 2000, Petitioner was sentenced in the Multnomah County, Portland, Oregon Circuit Court to serve ninety (90) months in the Oregon Department of Corrections for two (2) counts of Robbery 1; forty-eight (48) months for three (3) counts of Burglary 1; thirty (30) days for Escape 3; and thirty (30) days for Criminal Trespass 1; (for a total term of 228 months).  (Doc. 6-1 at 33-40, Judgment of Conviction and Sentence).  Petitioner was given 224 days of prior custody credit on the state sentence from August 18, 1999, to March 29, 2000, and served his state sentence from March 29, 2000, to December 19, 2007.  (Doc. 6-1 at 30, Oregon Department of Corrections Records).  However, on November 21, 2007, Petitioner was re-sentenced by the state.  <u>Id</u>.  Due to the re-sentencing, Petitioner had actually completed time served on his state sentences on February 16, 2007.  <u>Id</u>.

On December 19, 2007, Petitioner was released from state custody to the U.S. Marshal Service for designation to a federal facility to commence his federal sentence.  <u>Id</u>.  The BOP determined Rambo's federal commencement date as December 19, 2007 and granted Petitioner prior custody credit from February 17, 2007, to December 18, 2007.  (Doc. 6-1 at 11, BOP SENTRY Report, Sentence Monitoring Computation Data).

On February 15, 2008, Petitioner submitted an Inmate Request to Staff, "seeking a Barden[1] request" for credit for time spent in primary state custody, serving his state sentence, toward his sentence. (Doc. 6-1 at 42, Inmate Request to Staff).

The BOP[2] reviewed Petitioner's request for a nunc pro tunc (concurrent) designation and, accordingly, conducted a review pursuant to Barden v. Keohane, 921 F. 2d 476 (3rd Cir. 1990) and the factors set forth in 18 U.S.C. § 3621(b). See (Doc. 6-1 at 45-48, Responses to Inmate Request to Staff).

In Rambo's case, the five (5) factors set forth in 18 U.S.C. § 3621(b) were considered, and the BOP denied Petitioner's request based upon factors (2), (3), and (4), as follows:

> **Factor (2)** - the nature and circumstances of the offense: Inmate Rambo was convicted of Bank Robbery. The nature of this offense is violent. Circumstances surrounding this offense are that Rambo and another offender entered a bank.

---

[1] As a result of the decision in Barden v. Keohane, 921 F. 2d 476 (3rd Cir. 1990), the BOP considers inmate's request for credit as a request for retroactive (concurrent) designation. Id. A retroactive designation is made only after the review of all relevant factors under 18 U.S.C. § 3621(b). Id.

[2] It is the preference of the Bureau that the Federal Sentencing Court be given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in BOP's determination to grant or deny the request. (See Doc. 6-1 at 65, BOP Program Statement 5880.28).

Rambo immediately approached the teller, pulled a mask over his face and stated "Okay, here we go, it's a hold-up," then in a loud voice he yelled profanities at the teller ordering the money. During the course of his get-away, Rambo ran in and out of private residences attempting to elude police. In one instance, he was lying on the ground at gun point, but got up and jumped out of a window to keep from being apprehended.

**Factor (3)** - the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history): Inmate Rambo has been in federal custody since January 4, 2008.  He participated in general programs and has no disciplinary actions.  His prior criminal history consists of Armed Robbery; Use of a Firearm; Robbery I & II; Possession Controlled Substance; and Forgery.  He was released from a sentence in May 1999, and committed the instant offense in August 1999.

**Factor (4)** - any statement by the court that imposed the sentence (to include no response from the judge): The court was contacted on January 7, 2009, regarding the inmate's request for <u>Barden</u> credit.  The response received from the court states: "since the state sentence was subsequent to mine, I made no declaration of concurrent or consecutive and therefore, leave it to the discretion of the Bureau of Prisons, since it appears that the state court made no such determination either."

(Doc. 6-1 at 45, Factors Under 18 U.S.C. §3621(b) Worksheet).  Based on the above, the Designation and Sentencing Computation Center determined that a <u>nunc pro tunc</u> designation was not appropriate in this case.  (Doc. 6-1 at 47, 48, Feb. 27, 2009 Decision Letter).

**Discussion**

### A.     Jurisdiction

It is not the sentencing court which determines if jail time credits should be granted towards a federal sentence, it is the Bureau of Prisons ("BOP").  See United States v. Wilson, 503 U.S. 329, 333-35 (1992); Edwards v. United States, 41 F.3d 154, 155 (3d Cir. 1994).  The proper vehicle for challenging the erroneous determination of sentence credit by the BOP is a petition for relief under 28 U.S.C. § 2241 in the district where the defendant is imprisoned.  United States v. Smith, 101 F. Supp. 2d 332, 338 (W.D. Pa. 2000); United States v. Donohue, No. 93 CR 422, 1999 WL 690154 (E.D. N.Y. Aug. 28,1999).  Failure by the BOP to implement the sentence imposed by a sentencing court mandates habeas corpus relief under § 2241.  See Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000); see also Gomori v. Arnold, 533 F.2d 871, 874-75 (3d Cir. 1976) (holding that where the prisoner seeking federal habeas corpus relief challenges the effect of events "subsequent" to his sentence, habeas corpus remedy is appropriate rather than motion pursuant to 28 U.S.C. § 2255).  Here, because Petitioner is alleging that the BOP failed to calculate his sentence correctly, he is properly before this Court.

### B.     Computation of Federal Sentence

The Attorney General is responsible for computing federal sentences on

all offenses committed on or after November 1, 1987, <u>see</u> 18 U.S.C. § 3585; <u>United States v. Wilson</u>, 503 U.S. 329, (1992), and has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. § 0.96 (1992).  <u>See United States v. Brann</u>, 990 F.2d 98, 103-04 (3d Cir. 1993).

### 1. Primary Jurisdiction

When two (2) different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant.  <u>See Chambers v. Holland</u>, 920 F. Supp. 618, 622 (M.D. Pa.), <u>aff'd</u>, 100 F.3d 946 (3d Cir. 1996) (citing cases). Primary jurisdiction remains vested in the jurisdiction that first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence. Notably, producing a state prisoner under a writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody. <u>Chambers</u>, 920 F. Supp. at 622 (citations omitted). Thus, in this case, the state of Oregon, acquired primary jurisdiction over Rambo when it arrested him, and retained primary custody over him when it produced him pursuant to the writ of habeas corpus ad prosequendum.[3]

_____

[3]A prisoner detained pursuant to a writ of habeas corpus ad prosequendum is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person.  <u>See e.g.,</u> <u>Ruggiano v.</u>

### 2. Prior Custody Credit

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and

is comprised of a two-step determination: first, the date on which the federal

sentence commences and, second, the extent to which credit may be awarded for

time spent in custody prior to commencement of the sentence ("prior custody

credit").

> (a) Commencement of sentence.--A sentence to a term of
> imprisonment commences on the date the defendant is
> received in custody awaiting transportation to, or arrives
> voluntarily to commence service of sentence at, the official
> detention facility at which the sentence is to be served.
> (b) Credit for prior custody.--A defendant shall be given
> credit toward the service of a term of imprisonment for any
> time he has spent in official detention prior to the date the
> sentence commences--
>> (1) as a result of the offense for which the sentence was
>> imposed; or
>> (2) as a result of any other charge for which the
>> defendant was arrested after the commission of the
>> offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

There are three (3) ways that an inmate can accrue federal jail credit: (1)

---

Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002).  The receiving sovereign, in this case the
federal government, is therefore considered simply to be "borrowing" the prisoner
from the sending sovereign for the purposes of indicting, arraigning, trying, and
sentencing him. Id .

credit for time spent in custody while actually serving a federal sentence; (2) credit for prior custody under 18 U.S.C. § 3585(b); and (3) credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer, commonly referred to as "Willis" credit. See Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

Section 3585(b) allows an inmate to use time served in custody prior to the imposition of a sentence towards the completion of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This last clause provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence. The Supreme Court has made clear that inmates are not allowed to "double count" credit. See United States v. Wilson, 503 U.S. 329, 337 (1992); see, e.g. Rios v. Wiley, 201 F.3d 257, 271-72 (3d Cir. 2001). Simply put, under Section 3585(b), the BOP may not grant presentence credit for time that has been credited against another sentence. Id.; Rios, 201 F.3d at 271-72.

In this case, at the time the federal sentence was imposed, Petitioner was in primary state custody, by virtue of the August 18, 1999 arrest by officers of the

Oregon Police department.  Although the criminal conduct associated with the August 18, 1999 arrest formed the basis of the federal criminal charges connected with his current federal sentence, after Petitioner's September 15, 1999 arrest, he remained in state custody due to the state proceedings.

Federal authorities then "borrowed" Rambo pursuant to a writ of habeas corpus ad prosequendum, and promptly after federal sentencing, on or about January 5, 2000, the United States Marshals Service returned him to state authorities in satisfaction of the federal writ.

Under 18 U.S.C. §§ 3584(a) and 3585(a), the determination as to when an inmate's federal sentence may commence is based upon the intent of the federal sentencing court.  A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited, however, to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment.  18 U.S.C. § 3584(a).  Where a state sentence has not yet been imposed, a federal court has no authority to order that its term of imprisonment shall run concurrently with a term of imprisonment that may be imposed in the future with respect to pending state charges.[4] See

---

[4]Likewise, with respect to state court pronouncements that state sentences are to run concurrently with federal sentences, the Program Statement notes that, "Just as the federal government has no authority to prescribe when a state sentence will

Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); United States v. Smith, 101 F.Supp.2d 332, 342-47 (W.D. Pa. 2000); United States v. McBride, 2000 WL 1368029 (E.D. Pa. 2000). Cf. Barden, 921 F.2d at 484 (noting that "the sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so"). Contra United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. denied, 516 U.S. 826 (1995).

Here, where there was no pending state sentence at the time the federal sentence was imposed, the federal court had no authority to order the federal sentence to run concurrently to a state sentence that might be imposed in the future. Moreover, Petitioner's federal judgment was silent regarding its relationship to the state sentence. As such, Rambo's federal sentence was to be served consecutively to his state sentence.

With respect to Rambo's federal sentence computation, the conduct connected with his federal offense concluded on January 5, 2000. (Doc. 6-1 at 14, Judgment in Criminal Case). The time period between Petitioner's August 18, 1999 arrest by the Oregon Police Department and March 27, 2000, Petitioner's

_____

commence, the state has no authority to order commencement of a federal sentence." P.S. 5160.05, ¶ 7(g).

-11-

sentencing on his state charges, had been credited to Petitioner's state sentence. As such, the BOP was statutorily precluded under Section 3585(b) from granting Petitioner with presentence credit for time that had been credited against another sentence.

Accordingly, Rambo's 151 month sentence imposed by the United States District Court for the District of Oregon began to run on December 19, 2007, the date Petitioner was received in custody, after having served his state sentence. See 18 U.S.C. §§ 3584(a); 3585(a). As a result, Petitioner was credited with prior custody credit on his federal sentence from the day after his discharge from the state sentence on February 17, 2007, through to the day before his federal sentence was imposed, December 18, 2007. Thus, Rambo's sentence has been computed in accordance with the above cited federal statutes, Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and the intent of his sentencing court.

### 3. Nunc Pro Tunc Designation

In Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991), the Third Circuit Court of Appeals held that 18 U.S.C. § 3621(b) authorized the Bureau of prisons to retroactively designate the state institution for service of an inmate's federal sentence in cases in which the inmate was in primary non-federal custody at the

-12-

time the federal sentence was imposed and where the federal sentencing court did not expressly direct concurrent service of the federal sentence.  In <u>Barden</u>, the Circuit Court indicated that when determining whether to exercise its discretion to effect a retroactive designation (commonly referred to as a <u>nunc pro tunc</u> designation), the BOP should use as guidance the factors set forth at 18 U.S.C. § 3621(b).  <u>Id</u>. at 482. Under <u>Barden</u>, the effect of a retroactive or <u>nunc pro tunc</u> designation is to commence the federal sentence upon imposition, as opposed to the date the non-federal primary custodians relinquish primary custody to federal authorities, usually upon the date of state parole or satisfaction of the non-federal sentence.  <u>Id</u>.

Here, Petitioner's request for credit was treated as a request for such a <u>nunc pro tunc</u> designation.  The BOP properly contacted the sentencing court for its position, properly reviewed the nature and circumstances of the offense, as well as Petitioner's criminal history and characteristics, to determine whether a <u>nunc pro tunc</u> designation would be consistent with the intent of the sentencing court and the goals of the criminal justice system.  Petitioner has not identified any material information that was overlooked or discounted, nor has he established any abuse of discretion in the BOP's consideration of his request.  As such, Petitioner is not

entitled to relief.  Consequently, the petition for writ of habeas corpus will be

denied.   An appropriate order will be issued.


Dated: November 20, 2014

_____

**United States District Judge**